**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONIR GEORGE, | : | Civil Action No. 09-962 (NLH) |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| WARDEN PHIL MORGAN, et al., | : | |
| | : | |
| Defendants. | : | **O P I N I O N** |
| | : | |

**APPEARANCES:**

> MONIR GEORGE, Plaintiff <u>pro se</u>
> Howard R. Young Correctional Institution
> Wilmington, Delaware  19702

**HILLMAN**, District Judge

Plaintiff Monir George ("George"), who proceeds <u>pro se</u>, filed this Complaint alleging violations of his civil rights pursuant to 42 U.S.C. § 1983.

At this time, the Court will review the Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) to determine whether it should be dismissed as frivolous or malicious, for failure to state a claim upon which relief may be granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will dismiss the claims against defendants Warden Phil Morgan, Nancy Persall, Dr. Watson, Dr. Selig, S. Rasad Rashid, Mark Emig, Phil Parker, and John Doe(s), as frivolous pursuant to 28 U.S.C. §

1915(e)(2)(B) and § 1915A(b)(1); the Court will dismiss the conditions of confinement claim for failure to state a claim upon which relief may be granted to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1); George will be allowed to proceed against the remaining defendants on the remaining claims; and George will be given leave to amend his Complaint.

I.  **Standard of Review**

This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  Phillips v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008); Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Because George proceeds pro se, his pleading is liberally construed and his Complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  Neitzke, 490 at 327-28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see, e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on 12(b)(6) motions.  Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant George leave to amend his complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3rd Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  See Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937

(2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." Id. at 1949.  When determining whether dismissal is appropriate, the Court conducts a two-part analysis.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  First, the factual and legal elements of a claim are separated.  Id.  The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Id. at 210-11.  Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that George has a "plausible claim for relief."[1] Id. at 211.  In other words, the Complaint must do more than allege George's entitlement to relief; rather it must "show" such an entitlement with its facts.  Id.  "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown -

---

[1] A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  Iqbal, 129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" Id.

that the pleader is entitled to relief." <u>Iqbal</u>, 129 S.Ct. at
1949 (quoting Fed. R. Civ. P. 8(a)(2)).

II. **<u>Plaintiff's Allegations</u>**

George has been held at the Howard R. Young Correctional
Institution ("HRYCI"), Wilmington, Delaware, as a pre-trial
detainee since May 25, 2008. (D.I. 1.) The general theme of the
Amended Complaint is that as a pre-trial detainee, several
officials acted with intent to punish, restrict his privileges,
inflict harsh conditions, and abuse their power and authority,
all before George was tried and sentenced. (D.I. 5.)

The Amended Complaint alleges violations of the First,
Fifth, Eighth, and Fourteenth Amendments of the United States
Constitution. More specifically, George alleges violations of
his right to equal protection and due process, inadequate and
dangerous medical care, unlawful conditions of confinement, abuse
by correctional officers, and curtailment of his right to
practice religion. He alleges that as result of the foregoing,
he has suffered physical injuries including weight loss, rectal
bleeding, gout, arthritis, chronic headaches, sleep deprivation,
GERD, feet and nail infection, anxiety, exposure to infectious
environment, loss of well being, and isolation. (D.I. 5.)
Neither the Complaint nor the Amended Complaint contain a prayer
for relief.

III.  **Discussion**

A.  Equal Protection and Due Process

Paragraphs One and Fourteen allege that, while housed at the
Delaware Psychiatric Center ("DPC"), George was attacked at least
twelve times by other inmates because of his race and religion.
He grieved the matter, but received no resolution.  Instead, he
was punished by defendants Director Nancy Persall ("Persall"),
Dr. Watson ("Watson"), and Dr. Selig ("Selig"), and transferred
to the HRYCI.[2]  George alleges that defendant Venne Faber
("Faber"), the Delaware Department of Correction ("DOC") Health
Compliance Coordinator, abused her power and authority when she
punished George by placing him under psychiatric care observation
("PCO") for three weeks, while naked and barefoot, "regardless of
the prison doctors' professional judgments, assessments, or
opinions."  The PCO status began September 4, 2009, and continued
through the last week of December 2009.  Plaintiff alleges that
PCO normally lasts from three to seven days, while his lasted
more than fourteen weeks.  During this time George was deprived
of recreation, telephone calls, visits, chapel services or
spiritual counsel, and other privileges.  George wrote to
defendant Warden Phil Morgan ("Morgan") approximately twelve

---

[2]The Amended Complaint indicates that Persall, Watson, and
Selig are located at the DPC, Mitchell Building.

times in an attempt to resolve the issues, to no avail.[3]  (D.I. 1.)

George further alleges that defendants Richard Gaudet ("Gaudet"), Stern, Faber, and Yeemi Awodiya ("Awodiya"), the Correctional Medical Services ("CMS") Health Service Administrator intended to punish him by keeping him on PCO status or under infirmary care much longer than the average stay and this, in turn, caused an atypical and significant deprivation of his prisoner privileges.  George alleges his Due Process rights were violated through no fault of his own.

To the extent that George alleges that Persall, Watson, and Selig wrongfully transferred him to the HYRCI, the Delaware Supreme Court has recognized that prison officials have discretion to house inmates at the facilities they choose. Walls v. Taylor, 856 A.2d 1067, 2004 WL 906550 (Del. 2004) (table) (citing Brathwaite v. State, No. 169, 2003 (Del. Dec. 29, 2003)).  Furthermore, the United States Supreme Court has held that an inmate has no due process right to be incarcerated in a particular institution whether it be inside the state of conviction, or outside that state.  Olim v. Wakinekona, 461 U.S. 238, 251 (1983).  For the above reasons, the Court will dismiss the claims against Persall, Watson, and Selig as frivolous

---

[3]The claim against Morgan will be discussed in the "Respondeat Superior" section of this Opinion.

pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B).
Liberally construing the Amended Complaint, it appears that
George has stated a Due Process claim against defendants Faber,
Awodiya, Gaudet, and Stern.  Therefore, he may proceed with the
claims against said defendants.

    B.  <u>Respondeat Superior</u>

The original Complaint and Paragraph Thirteen of the Amended
Complaint allege that Morgan did not respond to George's numerous
letters complaining of his conditions of confinement and
curtailment of religious practices.  Paragraphs Ten and Seventeen
of the Amended Complaint allege that George was abused by
correction officers and that he complained to defendant Major
Phil Parker ("Parker") who did nothing.  Paragraph Sixteen
alleges that George complained to defendant Deputy Warden Mark
Emig ("Emig") about the hardships of confinement and he, too, did
nothing.[4]  It appears that Morgan, Emig, and Parker ware named as
defendants based upon their supervisory position.

Liability in a § 1983 action cannot be predicated solely on
the operation of respondeat superior.  <u>Rode v. Dellarciprete</u>, 845
F.2d 1195, 1207 (3d Cir. 1998) (citations omitted).  A plaintiff
may set forth a claim for supervisory liability under § 1983 if
he "(1) identif[ies] the specific supervisory practice or

---

[4]Mark Emig's name is misspelled on the Court Docket as
"Ewing."  The Clerk of Court is directed to correct the spelling.

8

procedure that the supervisor failed to employ, and show[s] that (2) the existing custom and practice without the identified, absent custom or procedure created an unreasonable risk of the ultimate injury, (3) the supervisor was aware that this unreasonable risk existed, (4) the supervisor was indifferent to the risk; and (5) the underling's violation resulted from the supervisor's failure to employ that supervisory practice or procedure." Brown v. Muhlenberg Twp., 269 F.3d 205, 216 (3d Cir. 2001) (citing Sample v. Diecks, 885 F.2d at1099, 1118 (3d Cir. 1989)). It is not enough for a plaintiff to argue that the alleged injury would not have occurred if the supervisor had "done more." Id. He must identify specific acts or omissions of the supervisor that evidence deliberate indifference and establish a link between the act or omission and the ultimate injury. Id.

In order for a supervisory public official to be held liable for a subordinate's constitutional tort, the official must either be the "moving force [behind] the constitutional violation" or exhibit "deliberate indifference to the plight of the person deprived." Sample v. Diecks, 885 F.2d at 1118 (citing City of Canton v. Harris, 489 U.S. 378, 389 (1989)). There is nothing in the Complaint to indicate that Elder was the "driving force [behind]" Plaintiff's alleged constitutional violations.

George alleges that he wrote letters to Morgan, and personally complained to Ewing and Parker, but they did nothing. Morgan cannot be imputed with personal knowledge and acquiescence in the prior alleged conduct solely by virtue of receiving or reviewing plaintiff's letters.  See Brooks v. Beard, 167 F. App'x 923, 925 (3d Cir. 2006) (not published) (allegations that prison officials and administrators responded inappropriately to inmate's later-filed grievances do not establish the involvement of those officials and administrators in the underlying deprivation); Durmer v. O'Carroll, 991 F.2d 64, 69 (3d Cir. 1993) (granting summary judgment to nonmedical prison officials whose involvement with prisoner's healthcare was limited to failing to respond to prisoner's letters explaining his predicament); Davila-Bajana v. Sherman, 278 F. App'x 91, 93-94 (3d Cir. 2008) (not published); see also Cole v. Sobina, Civ. No. 04-99J, 2007 WL 4460617 (W.D. Pa. Dec. 19, 2007); Ramos v. Pennsylvania Dep't of Corr., Civ. No. 06-1444,  2006 WL 2129148 (M.D. Pa. July, 27, 2006); Jefferson v. Wolfe, Civ. No. 04-44 ERIE, 2006 WL 1947721 (W.D. Pa. July, 11, 2006).

The claims against Emig and Parker are frivolous.  The Amended Complaint alleges, generally, that George complained to Emig about "all hardships" and that he complained to Parker, again generally, about unspecified "guard abuse."  George's are nothing more than allegations of supervisor liability, which are

not cognizable in a § 1983 action.  See Rizzo v. Goode, 423 U.S. at 376; Davila-Bajana, 278 F. App'x at 93-94.

For the above reasons, the Court finds the foregoing claims against Morgan, Ewing, and Parker lack an arguable basis in law or in fact and dismiss the claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

C.  Medical

Paragraphs Two and Fifteen allege that George's Eighth Amendment rights were violated by CMS[5] and defendant Dr. S. Rasad Rashid ("Rashid"),[6] a psychiatrist, when he arrived at the HRYCI and his medications were "deliberately changed from the original prescription to harmful drugs."  George refused the new medications for a "long period of time."

As a pretrial detainee, the Due Process Clause of the Fourteenth Amendment affords plaintiff protection for his medical needs claim.  Ingraham v. Wright, 430 U.S. 651, 671-72 n.40 (1977); see also Bell v. Wolfish, 441 U.S. 520, 535 n.16 (1979).  When evaluating whether a claim for inadequate medical care by a pre-trial detainee is sufficient under the Fourteenth Amendment, the Third Circuit has found no reason to apply a different

---

[5]CMS is not a named defendant.

[6]Dr. Rashid's name is misspelled on the Court Docket as "Raehid."  The Clerk of Court is directed to correct the spelling.

standard than that set forth in <u>Estelle v. Gamble</u>, 429 U.S. 97 (1976).

<u>Natale v. Camden County Correctional Facility</u>, 318 F.3d 575, 581

(3d Cir. 2003).  To evaluate a medical needs claim, the Court

determines if there is evidence of a serious medical need and

acts or omissions by prison officials indicating deliberate

indifference to those needs.  <u>Id.</u> at 582.

A prison official is deliberately indifferent if he knows

that a prisoner faces a substantial risk of serious harm and

fails to take reasonable steps to avoid the harm.  <u>Farmer v.

Brennan</u>, 511 U.S. 825, 837 (1994).  A prison official may

manifest deliberate indifference by "intentionally denying or

delaying access to medical care."  <u>Estelle v. Gamble</u>, 429 U.S. at

104-05.  However, "a prisoner has no right to choose a specific

form of medical treatment," so long as the treatment provided is

reasonable.  <u>Harrison v. Barkley</u>, 219 F.3d 132, 138-140 (2d Cir.

2000).  Moreover, allegations of medical malpractice are not

sufficient to establish a constitutional violation.  <u>White v.

Napoleon</u>, 897 F.2d 103, 108-09 (3d Cir. 1990) (citations

omitted); <u>see also</u> <u>Daniels v. Williams</u>, 474 U.S. 327, 332-34

(1986) (negligence is not compensable as a Constitutional

deprivation).  Finally, "mere disagreement as to the proper

medical treatment" is insufficient to state a constitutional

violation.  See Spruill v. Gillis, 372 F.3d 218, 235 (3d Cir. 2004) (citations omitted).

Liberally construing the claims, as the Court must, George has failed to state a medical needs claim.  It is evident that he disagreed with the medication change.  Regardless of his displeasure, he was prescribed medication, even though he disagreed with the change and, for a time, opted not to take it. The allegations are frivolous and do not rise to the level of a constitutional violation.  For the above reasons, the Court will dismiss the medical needs claim against Rashid as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B).

D.  Conditions of Confinement

Paragraphs Three through Nine, Eleven and Twelve allege unlawful conditions of confinement.  George alleges that:  (1) during his stay in the infirmary, he was housed in Cell 196 with no running water, no toilet (just a hole in the ground), naked and barefoot, no utensils, and a cell-mate with open sores (i.e., MRSA); (2) twenty-four hour cell illumination, excessive noise and foul smells; (3) the infirmary can house thirty-two patient/inmates but only one shower is available, many times it is out of order or there is no hot water, and at one time he received only three showers in eight days; (4) no recreation, fresh air or sun exposure; (5) lack of exercise and mobility; (6)

13

no visits and social isolation with sensory deprivation; (7)
telephone calls are not allowed; (8) lack of fresh fruits and
vegetables on a regular basis; (9) Cell 206 had a mattress
partially squeezed on the floor under a toilet

A state pretrial detainee is protected by the Due Process
Clause of the Fourteenth Amendment), not the Eighth Amendment.
Hubbard v. Taylor, 399 F.3d 150, 157-58, 164 (3d Cir. 2005).
Under the Due Process Clause, the Court determines whether the
conditions of confinement were intended as punishment.  If not,
the Court determines if the conditions were reasonably related to
a legitimate goal and whether they appear excessive in relation
to that goal.  Id. at 158.

George's conditions of confinement claims are deficiently
pled.  They do not indicate when the alleged violations took
place.  Nor do the allegations allege personal involvement by any
of the named defendants.  Therefore, the Court will dismiss the
claims for failure to state a claim upon which relief may be
granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1)
and 42 U.S.C. § 1997e(c)(1).  However, since it appears plausible
that George may be able to articulate a claim against defendant
(or name alternative defendants), he will be given an opportunity
to amend the conditions of confinement claims.  See O'Dell v.
United States Gov't, 256 F. App'x 444 (3d Cir. 2007) (not

published) (leave to amend is proper where the plaintiff's claims do not appear "patently meritless and beyond all hope of redemption").

   E.  Religion

   George alleges that he was not allowed to attend chapel services, receive spiritual counseling, or practice his religion. George wrote to Morgan fifteen times, but received no answer.[7] Additionally, George alleges that Faber and Gaudet punished him for praying in his cell by adding more time to his PCO status. They indicated to George that "speaking to God is [a] sign of being crazy." (D.I. 5, ¶ 13.)  George will be allowed to proceed against Faber and Gaudet on his First Amendment free exercise of religion claim.

   F.  Miscellaneous

   George names as defendants "John Doe(s)."  Neither the Complaint, nor the Amended Complaint, contain allegations directed toward Doe defendants.  Therefore, they will be dismissed as defendants.

   Finally, neither the Complaint, nor the Amended Complaint, contain a prayer for relief.  George will be given leave to amend to add a prayer for relief.

IV. **Conclusion**

_____

   [7]The claim against Morgan was discussed in the "Respondeat Superior" section of this Opinion.

For the reasons set forth above, the claims against Morgan, Persall, Watson, Selig, Rashid, Emig, Parker and Doe(s) are dismissed with prejudice as frivolous pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B).  The conditions of confinement claims is dismissed for failure to state a claim upon which relief may be granted, pursuant to 28 U.S.C. § 1915A(b)(1) and § 1915(e)(2)(B) and 42 U.S.C. § 1997e(c)(1).  George will be given leave to amend the conditions of confinement claim and to add a prayer for relief.  Plaintiff will be allowed to proceed on the remaining claims against defendants Faber, Awodiya, Gaudet, and Stern.

An appropriate Order accompanies this Opinion.


/s/ NOEL L. HILLMAN
**NOEL L. HILLMAN**
**United States District Judge**


Dated: April 30, 2010
At Camden, New Jersey