**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF DELAWARE

| | | |
|---|---|---|
| MONIR GEORGE, | : | Civil Action No. 09-962 (NLH) |
| | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| VENNE FABER, et al., | : | |
| | : | |
| Defendants. | : | **O P I N I O N** |
| | : | |

**APPEARANCES**:

     MONIR GEORGE, Plaintiff <u>pro se</u>
     James T. Vaughn Correctional Center
     Smyrna, Delaware  19977

**HILLMAN**, District Judge

     Plaintiff Monir George ("George"), who proceeds <u>pro se</u>,
filed a Complaint alleging violations of his civil rights
pursuant to 42 U.S.C. § 1983.  The Complaint was screened,
certain defendants and claims were dismissed, and George was
given leave to amend.  He filed a Second Amended Complaint on
July 1, 2010 and added defendants Correctional Medical Services
("CMS"), C/O Stroupe ("Stroupe"), C/O Bragg ("Bragg"), and C/O
Norris ("Norris").  (D.I. 17.)

     At this time, the Court will review the Second Amended
Complaint pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b) to
determine whether it should be dismissed as frivolous or
malicious, for failure to state a claim upon which relief may be

granted, or because it seeks monetary relief from a defendant who is immune from such relief.  For the reasons set forth below, the Court will allow George to proceed with his psychiatric care observation Due Process claims against defendants Venne Faber ("Faber"), Yeemi Awodiya ("Awodiya"), Richard Gaudet ("Gaudet"), and Robert Stern ("Stern") and his First Amendment religion claims and Religious Land Use and Institutionalized Persons Act claims against Faber and Gaudet.  The Court will dismiss the claims against Bragg for failure to state a claim upon which relief may be granted and will give George leave to amend the claims.  The Court will dismiss as frivolous the remaining claims and defendants pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) and 42 U.S.C. § 1997e.

I.  **Standard of Review**

    This Court must dismiss, at the earliest practicable time, certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state a claim, or seek monetary relief from a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner actions brought with respect to prison conditions).  The Court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  Phillips

2

v. County of Allegheny, 515 F.3d 224, 229 (3d Cir. 2008);
Erickson v. Pardus, 551 U.S. 89, 93 (2007).  Because George
proceeds pro se, his pleading is liberally construed and his
Complaint, "however inartfully pleaded, must be held to less
stringent standards than formal pleadings drafted by lawyers."
Erickson v. Pardus, 551 U.S. at 94 (citations omitted).

An action is frivolous if it "lacks an arguable basis either
in law or in fact."  Neitzke v. Williams, 490 U.S. 319, 325
(1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a
court may dismiss a complaint as frivolous if it is "based on an
indisputably meritless legal theory" or a "clearly baseless" or
"fantastic or delusional" factual scenario.  Neitzke, 490 at 327-
28; Wilson v. Rackmill, 878 F.2d 772, 774 (3d Cir. 1989); see,
e.g., Deutsch v. United States, 67 F.3d 1080, 1091-92 (3d Cir.
1995) (holding frivolous a suit alleging that prison officials
took an inmate's pen and refused to give it back).

The legal standard for dismissing a complaint for failure to
state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1)
is identical to the legal standard used when ruling on 12(b)(6)
motions.  Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir.
1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for
failure to state a claim under § 1915(e)(2)(B)).  However, before
dismissing a complaint or claims for failure to state a claim
upon which relief may be granted pursuant to the screening

3

provisions of 28 U.S.C. §§ 1915 and 1915A, the Court must grant George leave to amend his Complaint unless amendment would be inequitable or futile.  See Grayson v. Mayview State Hosp., 293 F.3d 103, 114 (3d Cir. 2002).

A well-pleaded complaint must contain more than mere labels and conclusions.  See Ashcroft v. Iqbal, –U.S.–, 129 S.Ct. 1937 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).  The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements."  Id. at 1949.  When determining whether dismissal is appropriate, the Court conducts a two-part analysis.  Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d Cir. 2009).  First, the factual and legal elements of a claim are separated.  Id.  The Court must accept all of the Complaint's well-pleaded facts as true, but may disregard any legal conclusions.  Id. at 210-11.  Second, the Court must determine whether the facts alleged in the Complaint are sufficient to show that George has a "plausible claim for relief."[1]  Id. at 211.  In

---

[1]A claim is facially plausible when its factual content allows the Court to draw a reasonable inference that the defendant is liable for the misconduct alleged.  Iqbal,129 S.Ct. at 1949 (quoting Twombly, 550 U.S. at 570).  The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully."  Id.  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'"  Id.

other words, the Complaint must do more than allege George's entitlement to relief; rather it must "show" such an entitlement with its facts. Id. "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

II. **Plaintiff's Allegations**

On May 25, 2008, George was arrested and held, as a pre-trial detainee, at the Howard R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware. (D.I. 17.) George alleges that while a pre-trial detainee, several officials acted with intent to punish, restrict his privileges, inflict harsh conditions, and abuse their power and authority.[2] (D.I. 5, 17.) The allegations carry over to the time following his conviction.

The Second Amended Complaint alleges violations of the First, Fifth, Sixth, Eighth, and Fourteenth Amendments of the United States Constitution, as well as medical malpractice, negligence, and violations of the Delaware Constitution. More particularly, George alleges denial of access to the courts, free speech, freedom of religion, due process, and equal protection;

_____

[2] George remained housed at the HYRCI until at least May 27, 2010. (See D.I. 14.) He is currently housed at the James T. Vaughn Correctional Center, Smyrna, Delaware. (See D.I. 16.)

5

cruel and unusual punishment; and deliberate indifference and denial of medical care.  He seeks compensatory and punitive damages and injunctive relief.

## III.  **Discussion**

### A.  Deficient Pleading

The Second Amended Complaint alleges the denial of George's right to access the courts, free speech and equal protection, as well as deliberate indifference to medical needs, state medical malpractice, negligence, and violations of the First, Fifth, and Sixth Amendments of the United States Constitution and the Delaware Constitution.  The Second Amended Complaint, however, contains no allegations specific to these claims.  The Second Amended Complaint also adds CMS as a defendant, but there are no allegations directed towards it.

The sparse allegations are conclusory and provide no detail to support an entitlement to a claim for relief.  The Court finds that the claims discussed hereinabove do not meet the pleading requirements of Twombly and Iqbal.  For these reasons, the Court will dismiss the claims as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

### B.  Conditions of Confinement

George alleges that while a pretrial detainee, under psychiatric care observation ("PCO"), and housed in the infirmary, defendants violated his Fourteenth Amendment right to

due process and, as a convicted inmate defendants violated his Eighth Amendment right to be free from cruel and unusual punishment.  A pretrial detainee is protected by the Fourteenth Amendment Due Process Clause.  Hubbard v. Taylor, 399 F.3d 150, 157-58, 164 (3d Cir. 2005).  In evaluating the constitutionality of conditions or restrictions of detention, the inquiry is whether the conditions amount to punishment of the detainee. Bell v. Wolfish, 441 U.S. 520, 536 (1979); Hubbard v. Taylor, 399 F.3d at 157-58, 164.  "[T]he fact that detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible during confinement does not convert the conditions or restrictions of detention into punishment."  Bell v. Wolfish, 441 U.S. at 536. Prison administrators "should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and maintain institutional security."  Id. at 547.

If the conditions do not amount to punishment, the Court must then determine if the conditions were reasonably related to a legitimate goal and whether they appear excessive in relation to that goal.  Hubbard, 399 F.3d at 158.  The Court defers to the expert judgment of prison officials when determining that conditions "are reasonably related to the Government's interest in maintaining security and order and operating the institution

7

in a manageable fashion . . . ."  Id. at 159 (quoting Bell v.
Wolfish, 441 U.S. at n.23).

Once convicted, George's conditions of confinement claim
fell under the umbrella of the Eighth Amendment.  A condition of
confinement violates the Eighth Amendment only if it is so
reprehensible as to be deemed inhumane under contemporary
standards or such that it deprives an inmate of minimal civilized
measure of the necessities of life.  See Hudson v. McMillian, 503
U.S. 1, 8 (1992); Wilson v. Seiter, 501 U.S. 294, 298 (1991).
When an Eighth Amendment claim is brought against a prison
official it must meet two requirements: (1) the deprivation
alleged must be, objectively, sufficiently serious; and (2) the
prison official must have been deliberately indifferent to the
inmate's health or safety.  Farmer v. Brennan, 511 U.S. 825, 834
(1994).  Deliberate indifference is a subjective standard in that
the prison official must actually have known or been aware of the
excessive risk to inmate safety.  Beers-Capitol v. Whetzel, 256
F.3d 120, 125 (3d Cir. 2001).

1.  Psychiatric Care Observation

George was transferred to the infirmary at the HRYCI in
September 2009 and Faber placed George in the PCO room for more
than twenty-one days.  A normal stay is usually three to seven
days.  George alleges that Faber, Awodiya, Gaudet, and Stern kept
him there through abuse of their power and in violation of his

right to due process.  He alleges that while on PCO status,
Faber, Awodiya, Gaudet, Stern, Stroupe, Bragg, and Norris
subjected him to atypical conditions, including the deprivation
of recreation, exercise, visits, phone calls, chapel and
spiritual counseling, mail and commissary.

   The April 30, 2010 screening order allowed George to
proceed with due process claims against defendants Faber,
Awodiya, Gaudet, and Stern as alleged in the original Complaint
and the Amended Complaint.[3]  (See D.I. 10 at 8.)  In a footnote,
George alleges that, while housed at 1F pod from June to
September 2008, Stroupe made "verbal insults, cruel and unusual
punishment, threaten [sic] my safety, inciting other inmates to
harm me," and in August 2008, Norris discarded his religious
books. (D.I. 17, at 3.)  In addition, George alleges that in
October 2009, Bragg exposed him to an infectious materials spray
and assaulted him with the hazardous material.  (Id.)  George
alleges that the acts of Stroupe and Norris occurred in 2008
while he was housed in 1F, yet the PCO due process claims
occurred in 2009.  It is evident in reading the Second Amended
Complaint that Stroupe and Norris have no connection to the 2009
PCO due process claim.  Therefore, the Court will dismiss the

_____

   [3]George was also allowed to proceed against Faber and Gaudet
on his First Amendment free exercise of religion claim.  (D.I.
10, ¶ E.)

claims against Stroupe and Norris as frivolous pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b).

The allegations directed towards Bragg do not allege an injury or that the George was exposed to hazardous material as a form of punishment.  Nor is it clear the alleged acts occurred while George was on PCO status.  The Court will dismiss without prejudice the PCO due process claim against Bragg and will give George leave to amend in the event that he is able to allege facts sufficient to raise a constitutional claim against Bragg.

     2.  <u>Infirmary Conditions</u>

George alleges that defendants violated his right to due process and the prohibition against cruel and unusual punishment when they caused him to endure the following conditions from September 2009 until February 2010:  (1) no running water, no toilet (just a hole in the ground), naked and barefoot, no utensils, and a cell-mate with open sores (i.e., MRSA); (2) twenty-four hour cell illumination, excessive noise and foul smells; (3) the infirmary can house thirty-two patient/inmates but only one shower is available, many times it is out of order or there is no hot water, and at one time he received only three showers in eight days; (4) no recreation, fresh air or sun exposure; (5) lack of exercise and mobility; (6) no visits and social isolation with sensory deprivation; (7) telephone calls are not allowed; (8) unhealthy and inadequate diet; (9) crowded

and unsanitary cell and forced to sleep on a mattress on the floor; (10) cell with no toilet paper and lack of water.[4] George's original claims were deficiently pled and he was given leave to amend. (<u>See</u> D.I. 10.)

When bringing a § 1983 claim, a plaintiff must allege that some person has deprived him of a federal right, and that the person who caused the deprivation acted under color of state law. <u>West v. Atkins</u>, 487 U.S. 42, 48 (1988).  Other than his litany of complaints, the conditions of confinement claims fail to allege the requisite personal involvement by any defendant.  Nor is it alleged that George, as a pretrial detainee, was exposed to unlawful conditions as a form of punishment or that the alleged conditions were imposed to serve a punitive purpose.

With regard to the conditions of confinement claim following George's conviction, the Second Amended Complaint does not allege facts supporting an inference of deliberate indifference by the defendants.  The allegations do not indicate that defendants were aware of a risk of a serious injury that could occur and purposefully failed to take appropriate steps.  Nor, as discussed above, do they allege defendants' personal involvement in any violation.  George was given leave to amend the conditions of confinement claims, but the Second Amended Complaint did not cure

---

[4]In the same sentence George alleges, in a conclusory manner, that he was assaulted by Bragg.

the pleading deficiencies.[5]  The Court finds that the allegations
of the infirmary conditions of confinement claim fail to meet the
pleading requirements of <u>Twombly</u> and <u>Iqbal</u>.  For these reasons,
the Court will dismiss the infirmary conditions of confinement
claim as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and §
1915A(b)(1) and 42 U.S.C. § 1997e(c)(1).

    C.   <u>Subpoena</u>

George requests issuance of a subpoena to obtain information
related to his case.  (D.I. 16.)  The request is premature.  No
defendants have been served and the Court has not entered a
scheduling/discovery order.  In addition, it may be that the
information is discoverable from a party defendant.  For these
reasons, the Court will deny the request.

IV.  **Conclusion**

For the reasons discussed, the Court will allow George to
proceed with the psychiatric care observation Due Process claims
against defendants Faber, Awodiya, Gaudet, and Stern, and the
First Amendment religion claim and Religious Land Use and
Institutionalized Persons Act claims against Faber and Gaudet.
The Court will dismiss the claims against Bragg for failure to
state a claim upon which relief may be granted.  George will be

_____

[5]The Court may curtail or deny a request for leave to amend
where there is "repeated failure to cure deficiencies by
amendments previously allowed" and there would be "futility of
amendment."  <u>See</u> <u>Foman v. Davis</u>, 371 U.S. 178, 182 (1962)

given leave to amend his claims against Bragg.  The Court will

dismiss as frivolous the remaining claims and defendants pursuant

to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) 42 U.S.C. § 1997e.

Finally, the Court will deny George's request for issuance of

subpoena.

    An appropriate Order accompanies this Opinion.


           /s/ NOEL L. HILLMAN
          **NOEL L. HILLMAN**
          **United States District Judge**


Dated:  July 12, 2010
At Camden, New Jersey

**UNITED STATES DISTRICT COURT
DISTRICT OF DELAWARE**

| | |
|---|---|
| MONIR GEORGE, | :    Civil Action No. 09-962 (NLH) |

MONIR GEORGE,              :   Civil Action No. 09-962 (NLH)
                             :
                             :
        Plaintiff,         :
                             :
     v.                    :
                             :
WARDEN PHIL MORGAN, et al.,   :
                             :
        Defendants.      :   **O R D E R**
                             :

For the reasons stated in the Opinion filed herewith,

**IT IS** this 12th day of July, 2010,

**ORDERED** that plaintiff Monir George's request for issuance of a subpoena (D.I. 16) is **DENIED**; and it is further

**ORDERED** that defendants Correctional Medical Services, C/O Stroupe, and C/O Norris are **DISMISSED** with prejudice as the claims against them are frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1); and it is further

**ORDERED** that the access to the courts, free speech, equal protection, infirmary conditions of confinement, and medical needs claims, the claims under the First, Fifth, and Sixth Amendments of the United States Constitution, as well as the Delaware Constitution, and medical malpractice and negligence claims are **DISMISSED** as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and 42 U.S.C. § 1997e(c)(1); and it is further

**ORDERED** that claims against C/O Bragg are dismissed for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1) and that plaintiff Monir George is given leave to **AMEND only the claims against C/O Bragg** within **THIRTY (30) DAYS** from the date of this Order; and it is further

**ORDERED** the Court has identified what appear to be cognizable and non-frivolous psychiatric care observation due process claims against defendants Venne Faber, Yeemi Awodiya, Richard Gaudet, and Robert Stern and First Amendment religion claim and Religious Land Use and Institutionalized Persons Act claims against Venne Faber and Richard Gaudet, and George will be allowed to **PROCEED** on these claims; and it is further

**ORDERED** that if Monir George fails to amend within **THIRTY (30) DAYS** from the date of this Order the case will proceed on the claims against defendants Venne Faber, Yeemi Awodiya, Richard Gaudet, and Robert Stern and a Service Order will issue; and it is finally

**ORDERED** no further amendments will be allowed without leave of Court and/or until after the remaining defendants have been served.

|  | /s/ NOEL L. HILLMAN |
|---|---|
| At Camden, New Jersey | NOEL L. HILLMAN, U.S.D.J. |

2