```
                    IN THE UNITED STATES DISTRICT COURT
                       FOR THE DISTRICT OF DELAWARE

MONIR GEORGE,                    )
                                 )  Civil A. No. 09-962 (NLH)(AMD)
          Plaintiff,             )
                                 )
     v.                          )
                                 )
VENNE FABER, YEEMI AWODIYA,      )      MEMORANDUM
RICHARD GAUDET,                  )      OPINION & ORDER
ROBERT STERN, and C/O BRAGG,     )
                                 )
          Defendants.            )
```

**Appearances**:

Monir George
SBI # 618980
James T. Vaughn Correctional Center
1181 Paddock Road
Smyrna, DE 19977
     Appearing pro se

Devera Breeding Scott
Department of Justice
102 West Water Street
Dover, DE 19904
     On behalf of Venne Faber

Daniel A. Griffith
Whiteford, Taylor & Preston, L.L.C.
Renaissance Centre, Suite 500
405 King Street
Wilmington, DE 19801-3700
     On behalf of Yeemi Awodiya, Richard Gaudet, and Robert Stern

**HILLMAN, District Judge**

  Presently before the Court are the motions of defendants Venne Faber, Yeemi Awodiya, Richard Gaudet, and Robert Stern for summary judgment and to quash certain subpoenas, as well as the motion of plaintiff, Monir George, to compel defendants' compliance with those subpoenas; and

This case concerning defendants' alleged violation of plaintiff's due process rights and his rights under the Religious Land Use and Institutionalized Persons Act ("RLUIPA") while he was a pre-trail detainee at the Howard R. Young Correctional Institution ("HRYCI");[1] and

Plaintiff claiming that defendants violated his rights when he was housed in the HRYCI infirmary and placed under psychiatric close observation ("PCO") after returning to HRYCI after a stay at the Delaware Psychiatric Center; and

Plaintiff claiming, among other things, that (1) he improperly remained in PCO for twenty-one days when the usual PCO stay is three to seven days, and (2) his time in PCO was extended as punishment for praying in his cell;[2] and

---

[1] The Court has issued several prior Opinions/Orders in this case that have addressed the substance of plaintiff's claims through the pro se prisoner screening process pursuant to 28 U.S.C. § 1915(e)(2) and § 1915A(b), as well as in response to plaintiff's requests for the appointment of counsel and other considerations. (See Docket Nos. 6, 10, 18, 22, 34, 57, and 71.) As stated previously, because plaintiff has brought claims pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights, this Court has jurisdiction of this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

[2] Plaintiff also made claims regarding the conditions of his confinement, but those claims, advanced under the Eighth Amendment, were only permitted to proceed against "Corrections Officer Bragg" and "Corrections Officer John Doe." Plaintiff never served "Corrections Officer Bragg" with his complaint, which was deemed filed on October 29, 2010, and the other defendants explain that no one by that name was employed by the Department of Corrections. Plaintiff's explanation for this failure is that his eyesight is poor, English is his second language, and he may have spelled this defendant's name

Defendant Faber moving for summary judgment in her favor, explaining that (1) whenever an inmate returns from a hospital, such as the Delaware Psychiatric Center, that inmate is automatically placed under PCO until he can be evaluated by a licensed psychologist, psychiatrist, or psychiatric nurse, and that only a licensed psychologist, psychiatrist, or psychiatric nurse can downgrade an inmate's PCO status or discharge the inmate from PCO, and (2) she is the Treatment Services Administrator for the DOC's Bureau of Correctional Healthcare Services and a licensed professional counselor, and therefore does not have the authority to discharge an inmate from PCO, or extend his stay in PCO; and

Defendants Awodiya, a health services administrator, Gaudet, a licensed psychologist, and Stern, a licenced physician,[3] also

---

improperly.  Plaintiff asks that he be provided with the October 2009 "observation log" in order to determine the proper spelling of C/O Bragg, as well as the identity of C/O John Doe.  As set forth infra, because discovery in this matter has closed and the Court finds that plaintiff is not entitled to the "observation log," and because he has not otherwise shown good cause, the Court will dismiss plaintiff's claim against "Corrections Officer Bragg" without prejudice pursuant to Federal Civil Procedure Rule 4(m), which provides, "If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period."

[3]Awodiya, Gaudet, and Stern were all employed by the contracted medical vendor that provided care to prisoners at

moving for summary judgment in their favor, pointing out that plaintiff has not provided any evidence to support his claims that they violated his due process rights[4] or his rights under RLUIPA[5]; and

Plaintiff responding to both motions, arguing that they should be denied because he requires documents and other discovery from the defendants in order to support his claims, and

---

HRYCI.  The contracted medical vendor--Correct Care Solutions--is no longer under contract with HRYCI, and is not a party to this case.

[4]To prove his due process claim, plaintiff must show that the restriction or condition he suffered was "not reasonably related to a legitimate goal," and "if it is arbitrary or purposeless, a court permissibly may infer that the purpose of the governmental action is punishment that may not constitutionally be inflicted upon detainees *qua* detainees." Bell v. Wolfish, 441 U.S. 520, 539 (1979).

[5]Section 3 of RLUIPA states that "[n]o government shall impose a substantial burden on the religious exercise of a person residing in or confined to an institution ... even if the burden results from a rule of general applicability," unless the government demonstrates that the burden is "in furtherance of a compelling governmental interest" and is "the least restrictive means of furthering that ... interest." 42 U.S.C. § 2000cc-1(a). If the plaintiff "produces prima facie evidence to support a claim alleging a [RLUIPA] violation ... the government shall bear the burden of persuasion on any element of the claim, except that the plaintiff shall bear the burden of persuasion on whether [the challenged practice or law] substantially burdens the plaintiff's exercise of religion." Id. § 2000cc-2(b).  For the purposes of RLUIPA, "government" includes any official of a "State, county, municipality, or other governmental entity created under the authority of a State," as well as any other person "acting under color of State law." Id. § 2000cc-5(4)(A).  A plaintiff-inmate bears the burden to show that a prison institution's policy or official practice has substantially burdened the practice of that inmate's religion. Washington v. Klem, 497 F.3d 272, 277 (3d Cir. 2007).

that defendants have not responded to his subpoenas demanding those documents; and

The Court noting that pursuant to the scheduling order entered on February 14, 2011, fact discovery concluded on August 31, 2011, dispositive motions were due by November 10, 2011, and plaintiff's subpoenas were not executed until December 2011;[6] and

The Court further noting that defendants have moved to quash plaintiff's subpoenas, arguing that (1) they were improperly served, (2) they were directed to the incorrect parties, (3) they are requesting medical records that defendants have already produced, (4) they are requesting defendants' employment information and log books, which are privileged by Delaware statue;[7] (5) they are requesting another inmate's medical records and disclosure of other inmates' medical records, and such requests are prohibited by HIPAA; and (6) they are generally overbroad and requesting irrelevant information; and

The Court finding that plaintiff has not provided a sufficient basis to compel defendants to respond to plaintiff's subpoenas: plaintiff did not properly participate in the discovery period, which lasted over nine months; the subpoenas

---

[6]The magistrate judge had granted plaintiff's request for a 60-day extension for discovery, but plaintiff already had nine months prior to this extension to seek discovery and to respond to defendants' discovery requests, which he has still failed to do.

[7]See 11 Del. C. § 4322(a).

5

are untimely; the subpoenas seek information that plaintiff cannot have; the subpoenas seek information that is not relevant; and plaintiff has all of the medical records that the DOC possesses on him;[8] and

The Court further finding that plaintiff has not properly supported his due process claims to withstand defendants' motions for summary judgment:[9] plaintiff claims that his stay in PCO was fourteen days too long, but he has provided no evidence to show that his stay in PCO was not "reasonably related to a legitimate goal" or was "excessive in relation to that goal," see Hubbard v. Taylor, 399 F.3d 150, 157-58, 164 (3d Cir. 2005); see also Bell v. Wolfish, 441 U.S. 520, 536 (1979) ("[T]he fact that detention interferes with the detainee's understandable desire to live as comfortably as possible and with as little restraint as possible

---

[8] It appears that plaintiff attempted to obtain his May 2008 through May 2010 medical records and other information from the former medical services provider contracted with the DOC--Correct Care Solutions, a non-party--through one of his December 2011 subpoenas, but he served that subpoena on the DOC.  The DOC provided plaintiff with his medical records, but informed plaintiff to contact Correct Care Solutions to obtain the other information he sought.  It does not appear that plaintiff has done so.

[9] Summary judgment is appropriate where the Court is satisfied that the materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations, admissions, or interrogatory answers, demonstrate that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(a).

during confinement does not convert the conditions or restrictions of detention into punishment."); and

The Court also finding that plaintiff has not properly supported his RLUIPA claim to withstand defendants' motions for summary judgment because he has not shown that HRYCI's policy or official practice substantially burdened the practice of plaintiff's religion, Washington v. Klem, 497 F.3d 272, 277 (3d Cir. 2007), and because plaintiff cannot maintain a RLUIPA claim against state actors in their individual capacities, Sharp v. Johnson, 669 F.3d 144, 153 (3d Cir. 2012); and

Consequently,

IT IS HEREBY on this ___27th___ day of June, 2012

ORDERED that defendants' motions to quash the subpoenas executed by plaintiff [58, 70] are GRANTED, and plaintiff's motion to compel [67] is DENIED; and it is further

ORDERED that defendants' motions for summary judgment [50, 52] are GRANTED; and it is further

ORDERED that the claims against Corrections Officer Bragg are DISMISSED; and it is further

ORDERED that the Clerk of the Court is to mark this matter as CLOSED.

                                            __s/ Noel L. Hillman_____
                                            NOEL L. HILLMAN
                                            United States District Judge

At Camden, New Jersey